## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ATLS Acquisition, LLC, *et al.*,[1] | Case No. 13-10262 (PJW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES REGARDING
## DEBTORS' BANKRUPTCY SCHEDULES AND STATEMENTS

**General Notes**

The Schedules of Assets and Liabilities (the **"Schedules")** and Statements of Financial Affairs (the "**SOFA**" and, collectively with the Schedules, the **"Bankruptcy Materials**") of ATLS Acquisition, LLC ("**ATLS**") and its affiliated debtors in the above-captioned, jointly administered chapter 11 cases (collectively, the "**Debtors**" or "**Liberty**") were prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited.    While Debtors' management has made reasonable efforts to ensure that the Bankruptcy Materials are accurate and complete, based upon information that was available to them at the time of preparation, subsequent information may result in material changes to the Bankruptcy Materials.    Moreover, because the Bankruptcy Materials contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Materials are complete.    The Debtors reserve all rights to amend the Bankruptcy Materials from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Bankruptcy Materials as to amount, liability or classification,   or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."    Furthermore, nothing contained in the Bankruptcy Materials shall constitute a waiver of rights with respect to the above-captioned Chapter 11 cases, including but not limited to any issues involving substantive consolidation, equitable subordination, or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code or any other relevant non-bankruptcy laws to recover assets or avoid transfers.    These global notes regarding the Debtors' Bankruptcy Materials ("**Global Notes**") comprise an integral part of the Bankruptcy Materials and should be referred to and considered in connection with any review of the Bankruptcy Materials.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: ATLS Acquisition LLC (9167); FGST Investments, Inc. (2110) **(FGST")**; Polymedica Corporation (3368); National Diabetic Medical Supply, LLC (0748); Liberty Lane Development Company, Inc. (1974); Liberty Healthcare Group, Inc. (6555) **("LHG")**; Liberty Medical Supply, Inc. (3983) **("LMS")**; Liberty Healthcare Pharmacy of Nevada (9809); Liberty Lane Condominium Association, Inc. (7018); and Liberty Marketplace, Inc. (8500). The Debtors' business address is 8881 Liberty Lane, Port St. Lucie, FL 34952.

On December 3, 2012, the senior management team at Liberty, which included Frank Harvey, Tim Tidd, Arlene Rodriguez, Robert Mark, and Sam Silek (the "**Liberty Management Team**") acquired the Liberty business (the "**MBO Transaction**") from Medco Health Solutions, Inc ("**Medco**"), a subsidiary of Express Scripts, Inc. ("**ESI**").

ESI had acquired the Liberty business in April 2012 when Medco, Liberty's parent at the time, was acquired by ESI. In furtherance of the MBO Transaction, certain of the Debtors entered into a transition services agreement ("**TSA**"). The TSA provided the Debtors very limited transitional accounting and finance services from Medco for a period of just one month. Since the MBO Transaction, the Liberty Management Team and its advisors have been working to establish an accounting and financial reporting systems and an opening balance sheet for December 3, 2012. Financial Statements by legal entity are still in progress and will not be completed by the time Bankruptcy Materials are required to be filed. As a result, the Debtors may be required to revise certain of the Bankruptcy Materials upon completion of non-consolidated financial statements for each one of the Debtors.  Furthermore, as a result of the MBO Transaction, the Debtors do not have access to all the transactional data required for the SOFA. The Debtors are attempting to obtain the necessary information from their former parent and will amend and update the Bankruptcy Materials once it is obtained.

Basis of Presentation.    The financial statements have not been audited since the MBO Transaction. Grant Thornton LLP will be providing an audit opinion on the opening balance sheet as well as the year-end financial statements. The Bankruptcy Materials reflect the unconsolidated assets and liabilities of each individual Debtor to the extent distinguishable. Since all of the sales activity is booked in LMS, unless assets, liabilities and disbursements are specifically identified as being attributed to another legal entity, such entries are reported on the SOFAs and Schedules for LMS. The Bankruptcy Materials do not purport to represent financial statements prepared in accordance with U.S. Generally Accepted Accounting Principles ("**GAAP**").

Causes of Action.    The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Bankruptcy Materials.  The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Bankruptcy Materials shall be deemed a waiver of any such causes of action.

Claims Description.    Any failure to designate a claim on the Debtors' Bankruptcy Materials as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute any claim reflected on their Bankruptcy Materials on any grounds, including but not limited to, amount, liability or classification, or to otherwise subsequently amend the Bankruptcy Materials or to designate such claims as "disputed," "contingent," or "unliquidated."

<u>Claims Paid Pursuant to Court Orders</u>.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") authorized the Debtors to pay discrete prepetition claims, including but not limited to, insurance payments, certain taxes, employee related claims, customer claims, including patient and payor refunds, and critical vendor claims. Consequently, certain prepetition fixed, liquidated and undisputed unsecured claims have been paid following the Petition Date.  Accordingly, only claims against the Debtors for prepetition amounts that have not been paid as of the time the Bankruptcy Materials were prepared have been included in the Bankruptcy Materials.

<u>Confidentiality</u>. In a limited number of instances names of individual and corporate creditors or other parties have been redacted and an alias listed (e.g. employee1, patient1, etc). Due to the confidential nature of certain amounts owing to certain individuals or the nature of the confidential business transaction with the Debtors, the Debtors have deemed it appropriate and necessary to avoid listing such names.

<u>Dates</u>.    Unless otherwise indicated, all asset and liability information is listed as of February 15, 2013 (the "**Petition Date**").

<u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets and liabilities from the Bankruptcy Materials including goodwill and deferred tax assets and liabilities.

<u>General Reservation of Rights</u>.    The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

<u>Insiders</u>.    In the circumstance where the Bankruptcy Materials require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) directors and (b) employees that may be, or may have been during the relevant period, "officers," as such term is defined by applicable law. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including without limitation, federal securities laws, or with respect to any theories of liability or for any other purpose. For confidentiality, the salaries' of the officers and directors are not disclosed.

<u>Leases.</u> In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their businesses. The underlying lease agreements are listed on Schedule G and any current amount due under such leases that were outstanding as of the Petition Date are listed on Schedule F. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any

lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

<u>Litigation</u>. Certain litigation reflected as claims against one of the Liberty entities may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record these actions in the Bankruptcy Materials of the Debtors that are the party to the action.

<u>Specific Notes</u>.   These Global Notes are in addition to the specific notes set forth below and in the individual Bankruptcy Materials.  Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

<u>Totals</u>.   All totals that are included in the Bankruptcy Materials represent totals of all the known amounts included in the schedules.

<u>Trade Accounts Receivable and Accounts Payable.</u>   Trade Accounts Receivable are presented net of: (1) allowance for doubtful accounts, (2) allowance for sales returns and (3) unposted cash.  Accounts Receivable are presented without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors, unless otherwise stated.  Likewise, Accounts Payable do not include provisions for open or terminated contracts, liquidated damages, setoff rights or collateral that has been posed on behalf of the counterparty.

<u>Valuation</u>.   It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Bankruptcy Materials.  Since the Debtors are in the process of establishing an opening balance sheet, some valuations of assets have recently been completed as of December 3, 2012 and net book values have been rolled forward to February 15, 2013. Amounts ultimately realized will vary from net book value, and such variance may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" therefore, ultimate liabilities may differ materially from those stated in the Bankruptcy Materials.

**<u>Notes to the Schedules of Assets and Liabilities</u>**

<u>Schedule A:  Real Property</u>.  The value of the land and buildings included on Schedule A are reflected preliminary the Net book value at February 15, 2013, which is based on appraisals prepared as of December 3, 2012. The appraisals are still in progress and have not yet been finalized therefore amounts included on Schedule A are preliminary and subject to change.  Appraisals for certain parcels of land have not yet been received, which has been noted on the applicable Schedule.

<u>Schedule B.2:  Checking, Savings and Other Financial Accounts.</u>  Bank account balances included on B.2 are reflective of the opening book balances as at February 15, 2013, which may differ slightly from the bank balances due to common reconciling items.  The bank accounts have been listed on Schedule B.2 of the Debtor whose name is actually listed on the bank account. In some instances, the payments made from, and the book balances related to, a particular bank account are reflected on the books of a Debtor other than the one whose actual name is listed on the bank account.

<u>Schedule B.9:  Interests in Insurance Policies.</u>  A determination as to the surrender or refund value of each of the insurance policies has not been made and therefore the balance is listed as undetermined.

<u>Schedule B.22:   Licenses, Franchises, and Other General Intangibles.</u>  The items listed by Liberty in Schedule B.22 are either not carried as individual assets in the Debtors' books and records or have been fully depreciated, therefore, the Debtors have not estimated their value.

<u>Schedule B.24: Customer Lists.</u>   The Debtors have compiled certain patient lists and related patient information. This information is confidential and therefore has not been included on Schedule B; the omission of such information should not be deemed a conclusion that such information has no value or does not exist.

<u>Schedule D: Creditors Holding Secured Claims.</u>   The Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.   The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.   No attempt has been made to identify such agreements for purposes of Schedule D.

Subsequent to the filing, the Debtors reached a settlement agreement with Alere Inc., the holder of a $40 million secured promissory note ("**Alere Note**"). As a result, on April 26, 2013, the Alere Note was satisfied in full and there is no longer a balance outstanding.

However, the balance continues to be listed on Schedule D since it was outstanding at the date of filing.

Schedule E:  Creditors Holding Unsecured Priority Claims.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim listed on Schedule E.

Claims for prepetition taxes are noted as disputed since pursuant to the Medco purchase agreement, the Seller was responsible for all tax obligation accruing prior to December 3, 2012.  The Debtors do not necessarily dispute the amount of the tax owing but dispute the responsibility for the obligation.

The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under 11 U.S.C. § 507.

Schedule F:  Creditors Holding Unsecured Non-Priority Claims.  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they may be reflected on the Debtors' books and records as required in accordance with GAAP.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While reasonable efforts have been made to determine the date upon which each claim in Schedule F was incurred or arose, making all such determinations would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

In addition, certain claims listed on Schedule F may be entitled to priority under 11 U.S.C. § 503(b)(9). The Debtors have made their best efforts to include all trade creditors on Schedule F; however, the Debtors believe there are instances where vendors have yet to provide proper invoices for prepetition goods or services.

In certain instances, the Debtor that is the subject of the litigation is unclear or underdetermined.  However to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for the Debtor.

In the ordinary course, the Debtors routinely make payments to patients and payors for refunds rebating to overpayments or coverage eligibility.  The Debtors received authorization from the Court to continue this practice.  As a result, these claims have been marked as contingent since it is the Debtors' intention to re-issue payment for many of these claims in the coming weeks. At the time of filing there were approximately 12,000 outstanding refund checks many of which were quite old and many of which had been issued by Medco or ESI. As of the time the Bankruptcy Materials were prepared the Patients and Payor refunds continue to be reconciled and have not all been reissued. To

the extent balances are known and payment has not yet been issued, the amount owing is listed on Schedule F. There are numerous claims with de minimis amounts owing and as such, any refund balance under $2.00 has not been included. Since some of the outstanding checks were dated and issued by a former parents of the Debtors, the Debtors do not necessarily have the name and address for all parties owed refunds. As part of the reconciliation effort the Debtors are working to obtain the missing information. Therefore, the amounts without contact info have been listed as "Patient or Payor Refund Claims with no names or addresses".

Intercompany balances owing between the Debtors have not been included in Schedule F as the balances are not know at this time due to the lack of an accounting system.

<u>Schedule G: Executory Contracts.</u>  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred.  The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month basis, including electricity, gas, water and telephone.  The Debtors do not believe that such contracts constitute executory contracts and therefore, such agreements are not listed individually on Schedule G.  Nevertheless, the Debtors reserve the right to assert that such agreements constitute executory contracts.

In some cases, the same supplier or provider may have multiple agreements listed in Schedule G.  These agreements represent distinct agreements between the applicable Debtor and such supplier or provider, and will be listed as multiple contracts under the same counterparty.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  In addition, the applicable Debtor may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claims. Finally certain of the executory agreements may not have been memorialized and could be subject to dispute.

Listing a contract or agreement on this schedule does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts and agreements listed on this schedule are hereby reserved and preserved. Similarly, the listing of a contract or lease on this schedule does not constitute admission that such document is not a secured financing.

## Notes to Statement of Financial Affairs

SOFA 1: Income from Operations of Business. The adjusted gross revenue represents gross revenue less contractual liabilities. December 2012 through February 15, 2013 represents a preliminary estimate of income.

SOFA 3b: Payments to Creditors. The Debtors have not been able to obtain a complete set of disbursement journals prior to December 3, 2012 because ESI and Medco were making payments through their respective shared services treasury functions. Where available, the details have been provided. Should the Debtors obtain additional disbursement detail, they will file supplemental schedules.

As discussed above, the Debtors are in the process of establishing a new accounting system and determining the accounting treatment of certain transactions. Since the transactional activity is not currently being booked to a specific legal entity, the majority of all disbursements have been assumed to been made from LMS, the main operating company.

Between December 3, 2012 and January 9, 2013, pursuant to the TSA, ESI continued to make disbursements on behalf of Liberty for which Liberty later reimbursed ESI. The amount listed on 3b includes the amount paid to the ultimate beneficiary. These disbursements have been identified in 3b.

The disbursements listed in 3b do not include interbank transfers made between the Debtors' bank accounts.

SOFA 9: Payments Related to Debt Counseling or Bankruptcy. All payments relating to bankruptcy professionals have been made by ATLS on behalf of all of the Debtors.

SOFA 10a: Other Transfers. Pursuant to the Purchase Agreement between FGST and Medco, the Debtors agreed to transfer certain assets held in the name of the Debtors to Medco on December 3, 2012. These assets have been detailed on SOFA 10a.

SOFA 13: Setoffs. In the normal course of business Medicare and some other commercial payors will offset amounts owing to the Debtors against amounts owing from the Debtors to Medicare. Since it would be overly burdensome to list all of these transactions, these amounts have not been included in SOFA 13.

In addition, certain inventory vendors have advised the Debtors of their intention to seek authority to set off prepetition rebates owing to the Debtors against prepetition claims. In case where the Debtors have been advised of such intent it is noted on Schedule F. The Debtors acknowledge there may be further manufacturers who intend to set off but have not yet disclosed their intent to do so.   The prepetition rebate receivables have been include in the accounts receivables have been include in the accounts receivable section on Schedule B16

SOFA 18: Nature, location and name of business.   The dates listed as beginning and ending dates of the business refer to the formation dates of the entity which may be different than the dates in which the Debtors became owners of the subsidiaries listed therein.

SOFA 19a: Bookkeepers. The list of accounting staff includes Liberty accounting personnel but does not include Medco/ESI accounting staff which were also responsible for the books and records of Liberty as those names are not readily available.

SOFA 19b: Auditor. Prior to the MBO, Liberty did not receive a standalone audit opinion on its consolidated financial statements. The consolidated financial statements of both ESI and Medco were previously audited by PricewaterhouseCoopers, LLP ("**PWC**"). Since there was no standalone audit opinion on Liberty financial statements, PWC has not been included on SOFA 19b.

SOFA 19d: Financial Statement Issuance. Prior to the MBO, ESI and Medco may have provided copies of Liberty's financial statements to third parties. Liberty does not have a list of those parties and therefore they have not been included on SOFA 19d.

**STATEMENT OF FINANCIAL AFFAIRS**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In Re:   ATLS Acquisition, LLC _____ ,        Case No.:  13-10262 (PJW) _____

   Debtor                                                                 (if known)

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None",  mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes, but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                  SOURCE

---

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT AND PERIOD                                              SOURCE

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**See attachment 3B of the Statement of Financial Affairs**

*\* Amount subject to adjustments on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4. Suits and administrative proceedings, executions, garnishments, and attachments**

None ☑  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OF DISPOSITION |
| --- | --- | --- | --- |

None ☑  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures, and returns**

None ☑  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ☑  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE  NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.  Gifts

None ☑    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION OF GIFT | VALUE OF GIFT |
|---|---|---|---|---|

### 8.  Losses

None ☑    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**See attachment 9 of the Statement of Financial Affairs**

---

**10. Other transfers**

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED | VALUE RECEIVED |
|---|---|---|---|
| | | | |

None ☑

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| | | |

---

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| | | |

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None ☑

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | DATES OF OCCUPANCY |
|---|---|

---

**16. Spouses and Former Spouses**

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

**18. Nature, location and name of business**

None
☐
a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities with six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

**See attachment 18A of the Statement of Financial Affairs**

In Re:  __ATLS Acquisition__ , Case No.: __13-10262 (PJW)__                    Page 8 of 11
            Debtor                                    (if known)

None
☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

                    NAME                              ADDRESS

---

        The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

        *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐   a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of accounts and records of the debtor.

            NAME AND ADDRESS                    DATES SERVICES RENDERED

                **See attachment 19A of the Statement of Financial Affairs**

None
☐   b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

            NAME                    ADDRESS                    DATES SERVICES RENDERED

                **See attachment 19B of the Statement of Financial Affairs**

None
☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

                    NAME                              ADDRESS

                **See attachment 19C of the Statement of Financial Affairs**

None
☑   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

            NAME AND ADDRESS                    DATE ISSUED

---

**20. Inventories**

None
☑   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                            DOLLAR AMOUNT OF
                                INVENTORY              INVENTORY  (Specify cost, market
    DATE OF INVENTORY           SUPERVISOR                    or other basis)

None ☑   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |
| | |

## 21. Current Partners, Officers, Directors and Shareholders

None ☑   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |
| | | |

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| | | |

**See attachment 21B of the Statement of Financial Affairs**

## 22. Former partners, officers, directors and shareholders

None ☑   a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |
| | | |

None ☐   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |
| | | |

**See attachment 22B of the Statement of Financial Affairs**

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| | | |

Case 13-10262-PJW    Doc 277    Filed 05/06/13    Page 19 of 29

**24. Tax Consolidation Group.**

None ☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| **ATLS Acquisition, LLC** | **46-1479167** |

**25. Pension Funds.**

None ☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

******

**B 7 (Official Form 7) (04/10)**

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____          Signature _____
                                          of Debtor

Date _____          Signature _____
                                          of Joint Debtor
                                          (if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____ 5/6/2013 _____          Signature _____

                                          Print Name
                                          and Title ___ Frank Harvey, President & CEO _____

**[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]**

_9_  continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. Sections 152 and 3571.*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer                              Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

In re <u>ATLS Acquisition, LLC</u> ,    Case No. <u>13-10262 (PJW)</u>
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　(if known)

## STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 3B
## PAYMENTS TO CREDITORS
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | DESCRIPTION | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS |
|---|---|---|---|
| **AFCO Premium Credit LLC** | | | |
| Dept. 0809 | | | |
| Dallas, TX 75312 USA | | | |
| | | 1/31/2013 | $77,143 |
| **AFCO Premium Credit LLC** | | | **$77,143** |
| **EPIQ Bankruptcy Solutions** | | | |
| 501 Kansas Avenue | | | |
| Kansas City, KS 66105 USA | | | |
| | | 2/14/2013 | $15,000 |
| **EPIQ Bankruptcy Solutions** | | | **$15,000** |
| **Ernst And Young U.S. LLP** | | | |
| 155 North Wacker Drive | | | |
| Chicago, IL 60606 USA | | | |
| | | 2/14/2013 | $500,000 |
| **Ernst And Young U.S. LLP** | | | **$500,000** |
| **Grant Thornton LLP** | | | |
| 1301 International Pkwy | | | |
| Suite 300 | | | |
| Fort Lauderdale, FL 33323 USA | | 12/17/2012 | $126,950 |
| | | 2/7/2013 | $68,925 |
| | | 2/14/2013 | $56,000 |
| **Grant Thornton LLP** | | | **$251,875** |
| **Greenberg Traurig, P.A.** | | | |
| 401 East Las Olas Blvd | | | |
| Suite 2000 | | | |
| Fort Lauderdale, FL 33301 USA | | 12/7/2012 | $272,739 |
| | | 1/31/2013 | $30,174 |
| | | 2/7/2013 | $133,000 |
| | | 2/13/2013 | $133,000 |
| | | 2/14/2013 | $500,000 |
| | Payment returned | 3/15/2013 | ($133,000) |
| **Greenberg Traurig, P.A.** | | | **$935,913** |

Subtotal >    $1,779,931

In re  ATLS Acquisition, LLC _____ ,    Case No.  13-10262 (PJW) _____
_____Debtor_____                      _____(if known)_____

## STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 3B
## PAYMENTS TO CREDITORS
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | DESCRIPTION | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS |
|---|---|---|---|
| **Holland & Knight, LLP** | | | |
| P.O. Box 864084 | | | |
| Orlando, FL 32886 USA | | | |
| | | 1/29/2013 | $96,766 |
| | | 2/14/2013 | $250,000 |
| **Holland & Knight, LLP** | | | **$346,766** |
| **Marsh USA Inc.** | | | |
| 6000 Feldwood Road | | | |
| College Park, GA 30349 USA | | | |
| | | 1/18/2013 | $370,075 |
| **Marsh USA Inc.** | | | **$370,075** |
| **Williams & Connolly, LLP** | | | |
| 725 Twelfth Street, N.W. | | | |
| Washington, DC 20005 USA | | | |
| | | 2/13/2013 | $880,912 |
| **Williams & Connolly, LLP** | | | **$880,912** |
| Sheet no. 2 of 2 continuation sheets | | **TOTAL** | **$3,377,683** |

In re  ATLS Acquisition, LLC                              ,     Case No.   13-10262 (PJW)
_____                              _____
            Debtor                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 9
## PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY
(Continuation Sheet)

| NAME AND ADDRESS OF PAYEE | PAID BY | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| **Epiq Systems** | ATLS | | |
| 757 Third Avenue | | | |
| 3rd Floor | | | |
| New York, NY 10017 USA | | 2/14/2013 | $15,000 |
| **Epiq Systems** | | | **$15,000** |
| **Ernst & Young LLP** | ATLS | | |
| 5 Times Square | | | |
| New York, NY 10036 USA | | | |
| | | 2/14/2013 | $500,000 |
| **Ernst & Young LLP** | | | **$500,000** |
| **Greenberg Traurig LLP** | ATLS | | |
| 401 East Las Olas Blvd | | | |
| Suite 2000 | | | |
| Fort Lauderdale, FL 33301 USA | | 2/7/2013 | $133,000 |
| | | 2/13/2013 | $133,000 |
| | | 2/13/2013 | ($133,000) |
| | | 2/14/2013 | $500,000 |
| **Greenberg Traurig LLP** | | | **$633,000** |
| Sheet no. 1 of 1 continuation sheets | | **Total:** | **$1,148,000** |

In re  ATLS Acquisition, LLC _____ ,    Case No.  13-10262 (PJW) _____
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(if known)

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 18A
# LIST OF PARTNERSHIPS OR 5% OWNERSHIPS: 6 YEARS

(Continuation Sheet)

| NAME | LAST FOUR DIGITS OF TAXPAYER I.D. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| FGST Investments, Inc. | 2110 | 8881 Liberty Lane<br><br>Port St. Lucie, FL 34952<br>USA | C-Corporation | 11/28/2012<br>through Current |

Sheet no. 1 of 1 continuation sheets

In re ATLS Acquisition, LLC _____ ,    Case No. 13-10262 (PJW) _____
_____
Debtor                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 19A
# BOOKS, RECORDS AND FINANCIAL STATEMENTS - BOOKKEEPERS
(Continuation Sheet)

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Greta Welebob<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | Corporate Controller | 1/21/2013<br>through<br>4/30/2013 |
| Damien Robinson<br>No Forwarding Address Available<br>,   USA | Director of Finance | 6/25/2011<br>through<br>1/28/2013 |
| Arlene Rodriguez<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | EVP & Chief Operating Officer | 1/16/2013<br>through<br>Current |
| Ivette Zuniga<br>No Forwarding Address Available<br>,   USA | Vice President & CFO | 12/3/2012<br>through<br>2/15/2013 |
| Chris Ryan<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | VP Finance | 1/21/2013<br>through<br>Current |

Sheet no. 1 of 1 continuation sheets

In re  ATLS Acquisition, LLC _____ ,    Case No.  13-10262 (PJW) _____
                    Debtor                                                (if known)

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 19B
# BOOKS, RECORDS AND FINANCIAL STATEMENTS - AUDITORS
### (Continuation Sheet)

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Grant Thornton LLP | 1/8/2013 |
| 1301 International Pkwy | through |
| Suite 300 | Current |
| Fort Lauderdale, FL 33323 USA | |

Sheet no. 1 of 1 continuation sheets

In re  ATLS Acquisition, LLC _____ ,    Case No. __13-10262 (PJW)_____
_____Debtor_____           (if known)

## STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 19C
## BOOKS, RECORDS AND FINANCIAL STATEMENTS - POSSESSION
(Continuation Sheet)

| NAME AND ADDRESS | TITLE |
|---|---|
| Greta Welebob<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | Corporate Controller |
| Arlene Rodriguez<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | EVP & Chief Operating Officer |
| Chris Ryan<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | VP Finance |

Sheet no. 1 of 1 continuation sheets

In re ATLS Acquisition, LLC                           ,     Case No. 13-10262 (PJW)
                Debtor                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 21B
# CURRENT OFFICERS, DIRECTORS AND SHAREHOLDERS
(Continuation Sheet)

| NAME AND ADDRESS | TITLE | NATURE OF STOCK OWNERSHIP | PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| **Arlene Rodriguez**<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | EVP & COO | Equity Holder | 12 |
| **Frank Harvey**<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | President & CEO | Equity Holder | 52 |
| **Robert Mark**<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | EVP & Chief Sales Officer | Equity Holder | 12 |
| **Sam Silek**<br>2157 Apperson Drive<br>Salem, VA 24153 USA | EVP & Chief Sourcing Officer | Equity Holder | 12 |
| **Timothy Tidd**<br>8881 Liberty Lane<br>Port St. Lucie, FL 34952 USA | EVP & CIO | Equity Holder | 12 |

Sheet no. 1 of 1 continuation sheets

In re   ATLS Acquisition, LLC _____ ,        Case No.   13-10262 (PJW) _____

                         Debtor                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS - EXHIBIT 22B
# OFFICERS OR DIRECTORS WHOSE RELATIONSHIP TERMINATED
# ONE YEAR PRIOR TO FILING
### (Continuation Sheet)

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Ivette Zuniga**<br>No Forwarding Address Available<br>, | Vice President & CFO | 2/15/2013 |

Sheet no. 1 of 1 continuation sheets